UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

QUINTON FLY, )
)
        Plaintiff )
)
  vs. ) CAUSE NO. 3:12-CV-63 RM
)
WALSH CONSTRUCTION CO. )
and BLUE CHIP CASINO, )
)
        Defendants )

OPINION and ORDER

This cause is before the court on the motion of Walsh Construction Company to dismiss Quintin Fly's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Mr. Fly, who has no attorney, filed his objection to the motion, and Walsh Construction filed its reply. Having considered the parties' submissions, the court grants the motion to dismiss.

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to seek dismissal of a complaint that states no claim upon which relief can be granted. A court deciding a Rule 12(b)(6) motion must accept the complaint's factual allegations as true and draw all reasonable inferences in the plaintiff's favor without engaging in fact-finding. Reger Dev., LLC v. National City Bank, 592 F.3d 759, 763 (7th Cir. 2010); In re Consolidated Industries Corp., 360 F.3d 712, 717 (7th Cir. 2004). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (*quoting* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Under the pleading standard of Rule 8(a), a complaint needn't contain "detailed factual allegations," but the complaint's allegations "must be enough to raise a right to relief above the speculative level" and give the defendant fair notice of the claims being asserted and the grounds upon which they rest. Bell Atl. v. Twombly, 550 U.S. at 555.

Mr. Fly's complaint contains very few factual allegations, so the following facts have been compiled from filings made in connection with the motion to dismiss. Mr. Fly alleges that while he was working at the Blue Chip Casino expansion project in Michigan City, Indiana in September 2008 he saw nooses hanging on the jobsite and was exposed to racial slurs written on walls or spoken by co-workers. Mr. Fly was employed by Eastport Lawn and Maintenance Company, a company that was a subcontractor of a subcontractor that was hired by Walsh Construction Company, the general contractor on the Blue Chip project. Mr. Fly says he reported the incidents to his employer, Ryan Fly, owner of Eastport Lawn and Maintenance, who reported the incidents to Walsh Construction officials, who took no action on the complaints.

Mr. Fly filed his first lawsuit in this court against Walsh Construction in 2010 (Cause No. 3:10-CV-126), alleging racial discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* On

December 12, 2011, Judge Van Bokkelen granted Walsh Construction's summary judgment motion in that action based on his conclusion that Mr. Fly wasn't entitled to the relief he sought because he wasn't an employee of Walsh Construction. *See* Cause No. 3:10-CV-126, docket # 38 (Op. and Ord. of Dec. 12, 2011). Mr. Fly didn't appeal that judgment.

Mr. Fly filed this suit against Walsh Construction and Blue Chip Casino in 2012, alleging discrimination based on race in violation of 42 U.S.C. § 1981. Walsh Construction has moved to dismiss Mr. Fly's claims against it company as barred by the doctrine of res judicata. According to Walsh Construction, Mr. Fly's claims in this action arise out of the same facts and occurrences that formed the basis of his 2010 complaint, with the only difference being Mr. Fly's theory of recovery: his 2010 complaint was based on a violation of Title VII, while this complaint is based on a violation of 42 U.S.C. § 1981.

"The doctrine of res judicata or claim preclusion is premised on the idea that, when a claim has been fully litigated and come to judgment on the merits, finality trumps." Czarniecki v. City of Chicago, 633 F.3d 545, 548 (7th Cir. 2011). Res judicata protects the finality of a judgment rendered on the merits of a claim and prevents parties from undermining that judgment by attempting to relitigate the claim. Palka v. City of Chicago, 662 F.3d 428, 437 (7th Cir. 2011). Res judicata applies if there is (1) a final judgment on the merits in an earlier action; (2) a dispute arising from the same transaction (identified by comparing the suits' operative facts); and (3) the same litigants. Ennenga v. Starns, 677 F.3d 766, 776

(7th Cir. 2012); Czarniecki v. City of Chicago, 633 F.3d 545, 548 (7th Cir. 2011). "Where it applies, res judicata prevents the relitigation of claims already litigated as well as those that could have been litigated but were not." Palka v. City of Chicago, 662 F.3d 428, 437 (7th Cir. 2011).

Mr. Fly responds that he has alleged enough facts to state a claim for a violation of 42 U.S.C. § 1981 and says his complaint shouldn't be barred by res judicata. But Mr. Fly hasn't addressed the elements of res judicata or challenged Walsh Construction's claim that his current complaint is based on the same facts and is a dispute between the same parties as his 2010 complaint that was decided on the merits.

The undisputed record establishes that the elements of res judicata are met: this action and the 2010 action involve the same parties – Quinton Fly and Walsh Construction Company – and the same operative facts – Mr. Fly's claims of race discrimination on the Blue Chip project jobsite – and a final judgment entered on the merits of the 2010 case – Mr. Fly didn't appeal the entry of summary judgment for Walsh Construction in the 2010 action, which makes that judgment final for purposes of this analysis. Res judicata applies here, too, because Mr. Fly could have based the claims of his 2010 complaint on a violation of 42 U.S.C. § 1981, in addition to a violation of Title VII, but he didn't do so. *See* Palka v. City of Chicago, 662 F.3d 428, 437 (7th Cir. 2011) (res judicata "prevents the relitigation of claims already litigated as well as those that could have been litigated but were not."). And while res judicata doesn't bar an action based on claims that accrue

4

after the entry of a previous judgment, Smith v. Potter, 513 F.3d 781, 783 (7th Cir. 2008), Mr. Fly hasn't alleged that his claims are based on any discriminatory actions that took place after the judgment in his 2010 action became final.

Based on the foregoing, the court GRANTS the motion of Walsh Construction Company [docket # 16] to dismiss Mr. Fly's claims against the company pursuant to Federal Rule of Civil Procedure 12(b)(6). Mr. Fly's claims against the Blue Chip Casino remains.

SO ORDERED.

ENTERED:   July 9, 2012

                                          /s/ Robert L. Miller, Jr.
                                         Judge, United States District Court

cc:    Q. Fly
       L. Evans, M. Meyer