UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| QUINTON FLY, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:12-CV-63 RLM |
| | ) | |
| BLUE CHIP CASINO, | ) | |
| | ) | |
| Defendant | ) | |

OPINION and ORDER

Quinton Fly was employed in 2008 as a laborer with Eastport Lawn Maintenance and General Contracting, that was a subcontractor of Kleckner Interior Systems, Inc., that was a subcontractor of Walsh Construction Company, that was the general contractor on the Blue Chip Casino expansion project in Michigan City, Indiana. Mr. Fly alleges in his amended complaint that Blue Chip Casino violated his rights under 42 U.S.C. § 1981 when it allowed its employees to harass African American workers on the project. According to Mr. Fly, Blue Chip was "fully aware of the hostile work environment caused by the white workers." Amd. Compl., at 2. He seeks damages from the Casino.[1]

Blue Chip has moved for summary judgment on Mr. Fly's claims, arguing that he can't demonstrate the essential elements of a claim under 42 U.S.C. §

---

[1] Mr. Fly also named Walsh Construction Company as a defendant in his amended complaint based on the same allegations he advances against Blue Chip. In July 2012, the court granted Walsh Construction's motion to dismiss Mr. Fly's claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* July 9, 2012 Op. and Ord. [docket # 26].

1981 and so can't prevail. Blue Chip provided Mr. Fly, who represents himself in this case, with the appropriate notice of his obligation to respond to the summary judgment motion. Mr. Fly didn't file a response, even after being afforded additional time to do so, and the time for doing so has passed. Viewing Mr. Fly's claims liberally as the court must do, *see* Gray v. Conestoga Title Co., No. 1:11-cv-1575, 2012 WL 2034865, at *1 (S.D. Ind. June 5, 2012) ("[G]iven Mr. Gray's pro se status, the court must take an especially liberal view of the allegations in the complaint."), and reading his complaint as including claims for racial discrimination and a hostile work environment in violation of 42 U.S.C. § 1981, the court concludes that Blue Chip's motion must be granted.

*Summary Judgment Standard*

Summary judgment is appropriate when "the pleadings, depositions, answers to the interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). A genuine issue of material fact exists whenever "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In deciding whether a genuine issue of material fact exists, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, 477 U.S. at 255. The existence of an alleged factual dispute, by itself, will not defeat

2

a summary judgment motion; "instead, the nonmovant must present definite, competent evidence in rebuttal," Butts v. Aurora Health Care, Inc., 387 F.3d 921, 924 (7th Cir. 2004), and "must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." Hemsworth v. Quotesmith.com, Inc., 476 F.3d 487, 490 (7th Cir. 2007); *see also* FED. R. CIV. P. 56(e)(2). "It is not the duty of the court to scour the record in search of evidence to defeat a motion for summary judgment; rather, the nonmoving party bears the responsibility of identifying the evidence upon which he relies." Hastings Mut. Ins. Co. v. LaFollette, No. 1:07-cv-1085, 2009 WL 348769, at *2 (S.D. Ind. Feb. 6, 2009); *see also* Steen v. Myers, 486 F.3d 1017, 1022 (7th Cir. 2007) ("summary judgment is 'not a dress rehearsal or practice run; it is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events'" *(quoting* Hammel v. Eau Galle Cheese Factory, 407 F.3d 852, 859 (7th Cir. 2005)).

*Race Discrimination*

Section 1981 of the Civil Rights Act of 1866 prohibits discrimination on the basis of race in the making, enforcing, and terminating of contracts, including employment contracts. 42 U.S.C. § 1981. A claim of discrimination under Section 1981 may be pursued via the direct or indirect method of proof. The direct method requires Mr. Fly to produce evidence that Blue Chip was motivated by animus based upon his race when it discriminated against him in the making and

3

enforcing of a contract. De v. City of Chicago, No. 11 C 4521, 2012 WL 6605009, at *13 (N.D. Ill. Dec. 14, 2012). Alternatively, Mr. Fly can proceed under the indirect method, which requires him to demonstrate that "(1) he is a member of a racial minority; (2) [Blue Chip] had the intent to discriminate on the basis of race; and (3) the discrimination concerned the making or enforcing of a contract." Pourghoraishi v. Flying J, Inc., 449 F.3d 751, 756 (7th Cir. 2006).

Blue Chip argues that Mr. Fly can't establish the second or third element of a prima facie case under Section 1981. With respect to the second element, Blue Chip says Mr. Fly hasn't alleged or established any intent on Blue Chip's part to discriminate against him. According to Blue Chip, even though acts of individual employees can be imputed to a corporate employer under a *respondeat superior* theory, Blue Chip's relationship with work at the project was too attenuated to establish any control by Blue Chip. In support, Blue Chip sets forth the affidavit of its vice president-general manager Ted Bogich, who says that Blue Chip employees didn't do any work on the construction project, Blue Chip didn't hire any of the subcontractors on the project, Blue Chip didn't control the work of the individuals who worked at the site, and Walsh Construction Company controlled access to the construction site. Deft. Memo., Exh. 1. Mr. Fly hasn't responded to or challenged Blue Chip's assertions that its employees didn't work on the project and it maintained no control over the workers at the site. Mr. Fly's only allegation that Blue Chip "was fully aware" of the discrimination is insufficient to establish the "intent to discriminate" element of Section 1981.

4

Blue Chip says, too, that Mr. Fly can't establish the third element necessary to a Section 1981 case. Blue Chip says Mr. Fly was an employee of Eastport, not Blue Chip, and because Blue Chip had no employment contract or employment relationship with Mr. Fly, he can't show that Blue Chip discriminated against him in the making or enforcing of a contract. Blue Chip again relies on the affidavit statements of its vice president-general manager Ted Bogich that Blue Chip didn't hire Mr. Fly to work on the project, Blue Chip didn't promise employment of any duration to Mr. Fly, and Mr. Fly was never an employee or on the payroll of Blue Chip Casino. Deft. Memo., Exh. 1. Blue Chip also submits the affidavit of Gordon Barker, Walsh Construction Company's senior project manager, who says that Mr. Fly was an employee of Eastport Lawn Maintenance and General Contracting while working at the Blue Chip expansion project, Eastport was hired as a subcontractor by Kleckner Interior Systems, Inc., and Kleckner was hired as a subcontractor by Walsh Construction Company. Deft. Memo., Exh. 2. Mr. Fly hasn't challenged Blue Chip's evidence or alleged that Blue Chip discriminated against him in the making or enforcing of any contract.

Mr. Fly hasn't pointed to any direct or circumstantial evidence that could establish a discriminatory intent on the part of Blue Chip Casino, a contractual relationship with Blue Chip Casino, or that Blue Chip Casino interfered with his right to make or enforce a contract. Mr. Fly's non-specific, unsupported assertion that Blue Chip allowed "its employees" to harass "its African-American workers" is insufficient to establish a prima facie case of racial discrimination in violation

5

of 42 U.S.C. § 1981. Blue Chip is entitled to summary judgment on Mr. Fly's claim of race discrimination. *See* Hoffman v. Bradley Univ., No. 11-1086, 2012 WL 4482173, at *2 (C.D. Ill. Sept. 27, 2012) ("If the non-moving party fails to make a showing sufficient to establish the existence of an element essential to that party and on which that party will bear the burden of proof at trial, then summary judgment is proper.").

*Hostile Work Environment*

To prevail on a hostile work environment claim under Section 1981, Mr. Fly must demonstrate that (1) his work environment was both subjectively and objectively offensive, "that is, 'one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so';" (2) the harassment was based on race; and (3) a basis exists for imputing liability to his employer. Ellis v. CCA of Tennessee, LLC, 650 F.3d 640, 647 (7th Cir. 2011) (*quoting* Faragher v. City of Boca Raton, 524 U.S. 775, 787 (1998)). Blue Chip argues that it can't be liable to Mr. Fly under Section 1981 because, as already discussed, Mr. Fly wasn't an employee of Blue Chip Casino, but was an employee of Eastport Lawn Maintenance and General Contracting, a subcontractor of a subcontractor of the general contractor on the Blue Chip expansion project. Blue Chip supports its claim with the affidavit statements of its vice president-general manager and Walsh Construction Company's senior project manager that Mr. Fly was an employee of Eastport, *see* Deft. Memo., Exhs. 1 & 2, evidence not challenged by

6

Mr. Fly. Mr. Fly hasn't alleged or established that Blue Chip Casino was his employer nor has he alleged that his employer, Eastport Lawn Maintenance and General Contracting, was liable for creating or not remedying the hostile work environment at the site.

Even if Mr. Fly can establish the first two elements of a prima facie case — that the hangman's nooses he saw at the work site created a hostile work environment based on race — he still can't prevail because he hasn't established a basis for employer liability. The undisputed evidence shows that Mr. Fly was employed by Eastport, but his allegations don't relate to any actions or inactions of Eastport. Mr. Fly tries to hold Blue Chip Casino liable, but he hasn't set forth or pointed to any evidence showing that Blue Chip Casino was his employer; he hasn't identified anyone who participated in the actions of which he complains; and he has provided no support for his claim that Blue Chip knew about the hostile work environment. Because Mr. Fly hasn't carried his burden of coming forward with evidence demonstrating a basis for imposing liability on Blue Chip Casino under 42 U.S.C. § 1981, Blue Chip is entitled to summary judgment on his claims of a hostile work environment.

*Conclusion*

For the foregoing reasons, the court GRANTS the motion of Blue Chip Casino for summary judgment [docket # 32] on the claims of Quinton Fly's amended complaint, VACATES the final pretrial conference set for April 29, 2013

7

and the bench trial scheduled to commence at 9:30 a.m. on May 14, 2013, and DIRECTS the clerk to enter judgment accordingly.

SO ORDERED.

ENTERED:   April 18, 2013   

                                          /s/ Robert L. Miller, Jr.   
                                       Judge, United States District Court

cc:   Q. Fly
       L. Evans, M. Meyer